A. F. WHITMAN, administrator, *vs.* JAMES H. YOUNG & others.

April Term, 1875.

WILL—CONSTRUCTION—CLASS DOCTRINE.—A devise in remainder after a life estate to persons not in the same degree of relationship, with the intention that one or more of the devisees shall enjoy a several interest, does not fall within the class rule of this state, but clothes the persons who answer the description at the testator's death, with a vested and transmissible interest in the property devised.

CASE IN JUDGMENT.—The testator devised certain real and personal property to his wife for life, and at her death to be sold and the proceeds equally divided "among my children, share and share alike, one share to go to my grandson, C. H. W., and one share to go and be vested in my two grandsons, M. J. and J. J., and the lawful issues of their bodies," with a provision that if either of these last named grandsons died without issue living at his death, then his share should go to the survivor, and if both died without such issue, the whole share should descend to the testator's heirs, *Held*, that the testator's children at his death took vested and transmissible interests in the property devised.

*A. F. Whitman*, for self.

*Thos. H. Malone*, for defendants.

THE CHANCELLOR:—The only question raised by this record is whether complainants' intestate, Mark Young, jr., took a vested and transmissible interest in a certain lot in Nashville under the will of his father, Mark Young, Sen., or no interest whatever by reason of having died before the death of his mother, upon the occurrence of which event the lot was to be sold and proceeds divided. The will gave the lot to the testator's wife during her natural life, and she is still living. The will then proceeds thus : " At the death of my wife, it is my will and I do direct, that the above lot, with the house and shop thereon, with the tools belonging to said shop, be sold on a credit of one, two, and three years, and the proceeds of the sale to be equally divided among my children share and share alike, one share to go to my grandson, Charles H. Wallace, and one share to go and be vested in my two grandsons, Mark Judd and Jacob Judd, and the lawful issue of their bodies. Should either of them die without such issue living at the time of his death, then his share to vest in the survivor and his issue. Should both

of them die without such issue at the time of their death, then and in that case said property to descend to my heirs forever."

The law favors the vesting of estates, and, consequently, the English rule is that the will speaks as of the death of the testator, and clothes the devisees answering the description of the devise at that time with a vested and transmissible interest in the property devised, although the property is to be divided upon the happening of a future event, unless a clear intent to the contrary appears. *Parrish* v. *Groomes, ante,* p. 581. The presumption of law in favor of vesting *in presenti* controls, unless the language used is such as to show that the testator intended to give the property to persons answering the description at the time when the devisee was to receive possession. Under this rule, a devise to testator's widow for life, afterwards to testator's children *then* living, would go only to the children who might be living at the death of the widow. On the contrary, a devise to widow for life and at her death to testator's children, would vest in the children at testator's death.

The general rule prevails in this state, except where the devisees in remainder are so described as to embrace a fluctuating class. The first case to establish this exception was *Satterfield* v. *Mayes,* 11 Hum. 58, where a slave bequeathed to the mother for life and, after her death, to her daughters, was held to pass to such of the daughters as were living at the mother's death. This decision, besides being a departure from principle, was obviously productive of injustice, if, as might well have happened, one of the daughters had died during the life of the mother, leaving children. Nevertheless, the decision has been occasionally followed, as in *Womack* v. *Smith,* 11 Hum. 478, and *Beasley* v. *Jenkins,* 2 Head, 191. The devise in the latter case was to testator's brother, Hiram, for life, and, at his death, the land to be sold, and the proceeds equally divided " between all of my brothers' and sisters' children." But the inclination has been to go back to the original rule, and to limit the excep-

tions within the narrowest compass consistent with adherence to the original precedent. Anything in the devise that indicates an intention on the part of the testator that one or more individuals of the designated class shall enjoy a several interest is sufficient to give to all of the class a vested and transmissible estate. Thus, in a devise of an estate to the wife for life and at her death to be equally divided among the children, a provision that the widow might make advancements to the children, to be accounted for in the final division, sufficed to give all a vested interest. *Bridgewater* v. *Gordon*, 2 Sneed, 5. So, in *Harris* v. *Alderson*, 4 Sneed, 250, a provision for such of the children as might remain with the mother, so long as they continued members of the family, wrought the same result. So, a provision for the education of any of the children. *McClung* v. *McMillan*, 1 Heisk. 655. If the will indicates that the objects of the testator's bounty are all to take a several interest, although not actually named, and *a fortiori* if named, the estate vests. Thus, in *Alexander* v. *Walsh*, 3 Head, 493, where the devise was to testator's sister, Nancy, during life, "then to be sold and equally divided amongst my sisters and brother." The learned judge, who delivers the opinion in this case, intimates, that if the last word had been brothers, instead of brother, it would have made no difference in the construction; and perhaps not, in view of the fact that there was but one brother. In that case, the added s would have been clearly a clerical mistake. But if there had been several brothers, as there were sisters, it is obvious the words "sisters and brothers" would designate a class, as clearly as "daughters," or "brothers' and sisters' children." If the devisees in remainder, or any of them, are specifically named, or if the devisees, whether named or merely described, are not all of the same degree or class, the intention to give a several interest would seem to be clear. Of this description are *Cathey* v. *Cathey*, 9 Hum. 470, and *Puryear* v. *Edmondson*, 4 Heisk. 43. And, perhaps, such devises could not be considered as made to a class at all. The English authori-

ties are that where the will shows an intention to vest the estate in any one of a class it will vest in each of the class. *King* v. *Isaacson*, 1 Sm. & Gif. 371 ; *Eccles* v. *Birket*, 4 De G. & S. 105. And a designation of one of the class will produce the same result. *Havergal* v. *Harrison*, 7 Beav. 49.

The present will does not give the property to a class in the same degree, for it distinctly gives a share equal to the share of the testator's children to one grandson, a son of a deceased daughter, and a similar share to two other grandsons, the children of another daughter. These grandsons are designated by name. We have, therefore, different classes, and some of the devisees expressly named. It is true, that the shares of the grand children are, in the contingency of their dying without issue living at the death of the survivor, to go to the testator's heirs. But the intention to give a several benefit to particular devisees is clear, and this is sufficient to take the case out of the class rule. The devise over, besides, is not to the other devisees, but, under the Code, § 2,009, to the persons who may be the testator's heirs upon the happening of the contingency. The devise is, consequently, not to a class, and the devisees took vested interests under it.